JUDGE SWEET

07 CV 4783

LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
MEDITERRANEAN SHIPPING COMPANY S.A.,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MEDITERRANEAN SHIPPING COMPANY S.A.,

        Plaintiff,

  -against-

SUPERIOR LINK INTERNATIONAL, INC
        Defendant.
------------------------------------------------------------X

ECF Case

JUN 0 5 2007

07 Civ.

**COMPLAINT**

Plaintiff MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC"), by its attorneys, Lyons & Flood, LLP, as and for its Complaint against Defendant, SUPERIOR LINK INTERNATIONAL INC. ("SLI"), alleges upon information and belief as follows:

1. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 USC § 1333.

2. Plaintiff, MSC was and still is a corporation organized and existing under and by virtue of the laws of a foreign country.

3. Upon information and belief, defendant SLI is a corporation organized and existing by virtue of the laws of the State of California.

4. On or about April 9, 2004, MSC issued bill of lading numbered MSCUNC106076 (hereinafter referred to as the "bill of lading") to SLI, whereby MSC agreed to carry two containers ("the containers") loaded with a cargo of two hundred and sixty-four (264) hand massage chairs from New York to the port of Chiwan, Peoples Republic of China ("PRC") aboard the M/V MSC LAUSANNE and other MSC vessels

in consideration for certain freight payments ("the subject shipment").

5. The terms of carriage relating to the subject shipment were set forth on the back of MSC's bill of lading. Clause 2 of the bill of lading requires that any and all disputes be brought in United States District Court, Southern District of New York.

6. Clause 24 of the bill of lading states, among other things, that SLI was responsible for properly preparing and submitting the necessary customs documentation in regard to the importation of the subject shipment into the PRC.

7. SLI failed to properly prepare and/or submit the necessary customs documentation in regard to the subject shipment.

8. On or about May 9, 2004, the MSC LAUSANNE, carrying the subject shipment, arrived in Chiwan, PRC at which point MSC discharged the containers into the custody of the PRC's customs officials.

9. As a result of SLI's failure to properly prepare the appropriate and necessary customs documents, the PRC customs officials detained the containers and the subject shipment and refused to release the containers containing the subject shipment to the consignee listed on the bill of lading.

10. On or about July 19, 2004, MSC sent a letter of notice advising SLI that the containers and the subject shipment were still in the custody of the PRC Customs Officials and that SLI would be liable for any costs incurred in the recovery of the containers, in accordance with the terms and conditions of the bill of lading.

11. Despite repeated requests for the release of the containers, the containers and the subject shipment were not released by PRC customs officials until May 12, 2005.

12. Pursuant to clause 24 of the bill of lading, SLI is required to indemnify and hold harmless, MSC for all fines, costs, duties, taxes, and expenses levied by government agencies with respect to the cargo. SLI breached Clause 24 and other clauses contained in the bill of lading by failing to prepare and submit the proper and necessary customs

documentation, which resulted in the PRC detaining the containers and subject shipment.

13. As a result of SLI's breach of the contract of carriage, MSC incurred damages including, but not limited to, demurrage, storage and destruction of the cargo, interest, costs and attorneys fees in the amount of $26,000, as nearly as now can be calculated.

WHEREFORE, Plaintiff MEDITERRANEAN SHIPPING COMPANY, S.A. prays:

a. that process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendant SLI, citing it to appear and answer under oath all and singular the matters alleged;

b. that a judgment be entered in favor of Plaintiff MEDITERRANEAN SHIPPING COMPANY, S.A. and against Defendant, for the damages as aforesaid, with interest, costs and attorneys' fees; and

c. that Plaintiff MEDITERRANEAN SHIPPING COMPANY, S.A. have such other, further, and different relief as this Court may deem just and proper.

Dated: June 4, 2007
      New York, New York

           LYONS & FLOOD, LLP
           Attorneys for Plaintiff
           MEDITERRANEAN SHIPPING COMPANY S.A.

By: _____
Edward P. Flood (EPF-5797)
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

U:\FLOODDOC\2549090\Pleadings\Complaint.doc

- 3 -